IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No.: |
| LH MERCANTILE, LLC dba PET SUPPLIES PLUS, and APIPHANNI ANTHONY, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Citizens Insurance Company of America ("Citizens"), by and through its counsel of record, and for its Complaint against Defendant LH Mercantile, LLC dba Pet Supplies Plus ("Pet Supplies") and Aphiphanni Anthony, individually and on behalf of all others similarly situated ("Anthony"), states as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Citizens and Pet Supplies. Citizens issued Businessowners Policies to Pet Supplies that contain General Liability, Umbrella Liability, and Cyber Liability Coverage Parts. In this action, Citizens seeks a declaration that it has no duty to defend or indemnify Pet Supplies under the Policies in connection with the underlying putative class action suit captioned, *Apiphanni Anthony, individually and on behalf of all others similarly situated v. LH Mercantile, LLC d/b/a/ Pet Supplies Plus*, filed in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, bearing case no. 22-LA000914 (the "Anthony Lawsuit").

1

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Defendant, Pet Supplies is a limited liability company organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. Upon information and belief, all members of Pet Supplies are citizens of the State of Illinois, and therefore, Pet Supplies is a citizen of the State of Illinois.

5. Defendant, Anthony, is a citizen of the State of Illinois. Anthony is joined in this suit as a nominal party defendant.

6. The Anthony Lawsuit for which Pet Supplies seeks a defense and indemnity is a putative class action. The General Liability Coverage Part in the Citizens Policy has Limits of Liability of $1 million for Personal and Advertising Injury and $2 million in the General Aggregate. The Umbrella Liability Coverage Part has Limits of Liability of $10 million Each Occurrence and $10 million in the General Aggregate. The Cyber Liability Coverage Part has a $25,000 Maximum Aggregate Limit of Liability

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Citizens and Defendants Pet Supplies and Anthony, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Pet Supplies, substantially exceeds $75,000.

8. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

### A. The Policies

9. Citizens issued following Businessowners Policies to LH Mercantile, LLC:

OBC-A491257-02, effective 11/30/2016 to 11/30/2017;

OBC-A491257-03, effective 11/30/2017 to 11/30/2018;

OBC-A491257-04, effective 11/30/2018 to 11/30/2019;

OBC-A491257-05, effective 11/30/2019 to 11/30/2020;

OBC-A491257-06, effective 11/30/2020 to 11/30/2021;

OBC-A491257-07, effective 11/30/2021 to 11/30/2022

(collectively the "Policies"). True and correct copies of the Policies are attached hereto as **Exhibits A-F**, respectively.

### B. The Anthony Lawsuit

10. On October 17, 2022, Apiphanni Anthony, individually and on behalf of all others similarly situated, filed a putative class action against LH Mercantile, LLC d/b/a/ Pet Supplies Plus ("Pet Supplies") in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, bearing case no. 22-LA000914 (the "Anthony Lawsuit"). A true and correct copy of the Complaint filed in the Anthony Lawsuit is attached hereto as **Exhibit G**.

11. The Complaint alleges that Pet Supplies mandated and required its employees have finger(s) scanned by a biometric timekeeping device. The Complaint further alleges that Pet Supplies disregards employees' statutorily protected privacy rights and unlawfully collects, stores, and uses employees' biometric data in violation of the Illinois Biometric Information and Privacy Act ("BIPA").

3

12. Specifically, Pet Supplies has allegedly violated and continues to violate BIPA because it did not and, upon information and belief, continues not to: a. Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprint(s) were being collected, stored, disseminated and used, as required by BIPA; b. Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs and other similarly-situated individuals' fingerprint(s), as required by BlPA; c. Receive a written release from Plaintiff and others similarly situated to collect, store, disseminate or otherwise use their fingerprint(s), as required by BIPA.

13. Count I of the Complaint alleges violation of Section 15(a) of BIPA. Count II alleges violation of Section 15(b) of BIPA.

14. Pet Supplies has requested coverage from Citizens for the Anthony Lawsuit. Citizens contends it has no obligation to defend or indemnify Pet Supplies against the Anthony Lawsuit. Accordingly, an actual controversy exists between Citizens and Pet Supplies and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

<u>**COUNT I – DECLARATORY JUDGMENT**</u>

**(General Liability – Insuring Agreement)**

15. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 15, as though the same were fully set forth herein.

16. The General Liability Insuring Agreement provides, "We will pay those sums the insured becomes legally obligated to pay as damages because of …'personal and advertising injury' to which this insurance applies."

17. The Policies define "personal and advertising injury", in relevant part as "injury, including consequential "bodily injury", arising out of one or more of the following offenses: e. Oral or written publication, in any manner, of material that violates a person's right of privacy".

18. The Anthony Complaint only seeks to recover for violations of Section 15(a) and (b) of BIPA, neither of which require a publication of biometric information for recovery.

19. The Anthony Complaint, therefore, does not seek damages because of a publication of material that violates a person's right of privacy, and therefore, does not seek damages because of "personal and advertising injury".

20. Accordingly, the Anthony Lawsuit does not fall within the scope of coverage provided by the General Liability Insuring Agreement in the Policies.

21. The General Liability Coverage Part in the Policies consequently does not actually or potentially provide coverage for the Anthony Lawsuit.

22. Citizens, therefore, has no duty to defend or indemnify Pet Supplies for the Anthony Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

### COUNT II – DECLARATORY JUDGMENT

**(General Liability– Access or Disclosure Exclusion)**

23. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 23, as though the same were fully set forth herein.

24. The Policies contain an Access or Disclosure of Confidential or Personal Information and Data Related Liability Exclusion, which states:

5

This insurance does not apply to:

**r. Access Or Disclosure Of Confidential Or Personal Information**

Damages arising out of:

(1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

\*\*\*

25. The Anthony Complaint alleges Pet Supplies collected its employees' fingerprints and biometric information in violation of BIPA.

26. Biometric information is personal and/or confidential information.

27. Therefore, any damages arise out of access to or disclosure of any person's confidential or personal information, and coverage for the Anthony Lawsuit is precluded under the General Liability Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

28. The General Liability Coverage Part in the Policies consequently does not actually or potentially provide coverage for the Anthony Lawsuit.

29. Accordingly, Citizens has no duty to defend or indemnify Pet Supplies for the Anthony Lawsuit under the General Liability Coverage Part in the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III – DECLARATORY JUDGMENT

### (General Liability– Employment Practices Liability Exclusion)

30. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 30, as though the same were fully set forth herein.

31. The Policies contain an Employment Practices Liability Exclusion, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> ***
>
> This exclusion applies:
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

32. The Anthony Lawsuit is brought by employees of Pet Supplies and alleges that Pet Supplies violated its employees' privacy in their biometric information in violation of BIPA.

33. As a result, even assuming the claimants sought to recover for "personal and advertising injury", such "personal and advertising injury" arises out of any employment-related

7

practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution.

34. Coverage, therefore, is precluded under the General Liability Coverage Part of the Policies by reason of the Employment Practices Liability Exclusion.

35. The General Liability Coverage Part, therefore, does not actually or potentially provide coverage for the Anthony Lawsuit.

36. Accordingly, Citizens has no duty to defend and indemnify Pet Supplies under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV– DECLARATORY JUDGMENT

**(General Liability– Distribution Of Material In Violation of Statutes Exclusion)**

37. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 37, as though the same were fully set forth herein.

38. The Policies contain the following Exclusion:

This insurance does not apply to:

**q. Distribution Of Material In Violation Of Statutes**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

8

> (3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> (4) Any other laws, statutes, ordinances, or regulations that address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

39. The Anthony Complaint alleges that Pet Supplies violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

40. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any other laws, statutes, ordinances, or regulations that address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

41. Therefore, the Distribution Of Material In Violation Of Statutes Exclusion precludes coverage for the Anthony Lawsuit under the General Liability Coverage Part of the Policies.

42. The General Liability Coverage Part of the Policies does not actually or potentially provide coverage for the Anthony Lawsuit.

43. As a result, Citizens has no duty to defend or indemnify Pet Supplies for the Anthony Lawsuit under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V– DECLARATORY JUDGMENT

### (Umbrella Liability – Insuring Agreement)

44. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 44, as though the same were fully set forth herein.

45. The Insuring Agreement in the Umbrella Coverage Part of the Policies provides:

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

   a. We will pay on behalf of the insured the "ulti-mate net loss" in excess of the "retained lim-it" because of "personal and advertising in-jury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide cov-erage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the in-sured against any other "suit" seeking dam-ages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

\*\*\*

46. The General Liability Coverage Part of the Policies is included in the Schedule of Underlying Insurance in the Umbrella Liability Coverage Part of the Policies, and therefore, is "underlying insurance".

10

47. Accordingly, if the General Liability Coverage Part of the Policies provides coverage for the Anthony Lawsuit, the Umbrella Insuring Agreement does not provide coverage until the General Liability Coverage Limit of Liability is exhausted.

48. Additionally, the Umbrella Liability Coverage Part provides coverage for "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies.

49. The Policies define "personal and advertising injury", in relevant part as "injury, including consequential "bodily injury", arising out of one or more of the following offenses: e. Oral or written publication, in any manner, of material that violates a person's right of privacy".

50. The Anthony Complaint only seeks to recover for violations of Section 15(a) and (b) of BIPA, neither of which require a publication of biometric information for recovery.

51. The Anthony Complaint, therefore, does not seek "ultimate net loss" because of a publication of material that violates a person's right of privacy, and therefore, does not seek "ultimate net loss" because of "personal and advertising injury".

52. Accordingly, the Anthony Lawsuit does not fall within the scope of coverage provided by the Umbrella Liability Insuring Agreement in the Policies.

53. The Umbrella Liability Coverage Part in the Policies consequently does not actually or potentially provide coverage for the Anthony Lawsuit.

54. Citizens, therefore, has no duty to defend or indemnify Pet Supplies for the Anthony Lawsuit under the Umbrella Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant

any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VI– DECLARATORY JUDGMENT

**(Umbrella Liability – Access or Disclosure of Confidential or Personal Information Exclusion)**

55. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 55, as though the same were fully set forth herein.

56. The Umbrella Liability Coverage Part of the Policies contains the following Access or Disclosure of Confidential or Personal Information and Data Related Liability Exclusion, which states:

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

Damages arising out of:

(1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
***

57. The Anthony Complaint alleges Pet Supplies collected its employees' fingerprints and biometric information in violation of BIPA.

58. Biometric information is personal and/or confidential information.

59. Therefore, any damages arise out of access to or disclosure of any person's confidential or personal non-public information, and coverage for the Anthony Lawsuit is precluded under the Umbrella Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

12

60. The Umbrella Liability Coverage Part in the Policies, therefore, does not actually or potentially provide coverage for the Anthony Lawsuit.

61. Citizens consequently has no duty to defend or indemnify Pet Supplies for the Anthony Lawsuit under the Umbrella Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VII– DECLARATORY JUDGMENT

**(Umbrella Liability – Recording and Distribution of Material Exclusion)**

62. Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 96, as though the same were fully set forth herein.

63. The Umbrella Liability Coverage Part of the Policies contains a Recording And Distribution Of Material Or Information In Violation Of Law Exclusion, which excludes coverage for:

> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
>
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

64. The Anthony Complaint alleges that Pet Supplies violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

65. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

66. Therefore, the Recording and Distribution Of Material or Information In Violation Of Law Exclusion precludes coverage for the Anthony Lawsuit under the Umbrella Liability Coverage Part of the Policies.

67. The Umbrella Liability Coverage Part of the Citizens Policies consequently does not actually or potentially provide coverage for the Anthony Lawsuit.

68. As a result, Citizens has no duty to defend or indemnify Pet Supplies under the Umbrella Liability Coverage Part of the Policies for the Anthony Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VIII– DECLARATORY JUDGMENT

**(Umbrella Liability – Employment-Related Practices Exclusion)**

69. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 69, as though the same were fully set forth herein.

70. The Umbrella Coverage Part contains the following Employment-Related Practices Exclusion, which states:

> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> **(1)** A person arising out of any:
> **(a)** Refusal to employ that person;
> **(b)** Termination of that person's employment; or
> **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> \*\*\*
>
> This exclusion applies:
> **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
>
> **(2)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

71. The Anthony Lawsuit is brought by employees of Pet Supplies and alleges that Pet Supplies violated its employees' privacy in their biometric information in violation of BIPA.

72. As a result, even assuming the claimants sought to recover for "personal and advertising injury", such "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution.

73. Coverage, therefore, is precluded under the Umbrella Liability Coverage Part of the Policies by reason of the Employment Practices Liability Exclusion.

74. The Umbrella Liability Coverage Part, therefore, does not actually or potentially provide coverage for the Anthony Lawsuit.

75. Accordingly, Citizens has no duty to defend and indemnify Pet Supplies under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IX – DECLARATORY JUDGMENT

### (Cyber Liability Coverage – No Claim Made During 2016-2020 Policies)

76. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 14 as and for Paragraph 76, as though the same were fully set forth herein.

77. The Insuring Agreement in the Cyber Liability Coverage Part of the Citizens Policies provides:

> **SECTION I – INSURING AGREEMENTS**
> **A. Privacy and Security Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to pay due
> to a "claim" first made against the "insured" during the "policy period",
> or Extended Reporting Period if applicable, and which arises
> out of a "Privacy Breach" or a "Security Breach" to which this insurance applies.
>
> **B. Cyber Media Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to
> pay due to a **"claim"** first made against the
> "insured" during the "policy period", or Extended
> Reporting Period if applicable, and which arises
> out of a "Cyber Media Breach" to which this
> insurance applies.
> \*\*\*

78. The Citizens Policies define "claim", in relevant part, as:

16

> **1.** A written demand received by an "insured" for monetary damages or non-monetary relief including injunctive relief;
>
> **2.** Any complaint or similar pleading initiating a judicial, civil, or administrative proceeding;
>
> \*\*\*

79. The Anthony Lawsuit was filed on October 17, 2022.

80. The 2016-2020 Policies were expired and no longer in effect on October 17, 2022.

81. Accordingly, the Anthony Lawsuit is a "claim" that was first made against Pet Supplies on October 17, 2022, after the expiration of the 2016-2020 policy periods.

82. The Cyber Liability Coverage Part in the 2016-2020 Citizens Policies, therefore, does not actually or potentially provide coverage for the Anthony Lawsuit.

83. As a result, Citizens has no defense or indemnity obligation for the Anthony Lawsuit under the Cyber Liability Coverage Part of the 2016-2020 Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT X – DECLARATORY JUDGMENT

### (Cyber Liability Coverage – Past Events Exclusion in 2021 Policy)

84. Plaintiff adopts and repeats the allegations of Paragraph 1 through 14 as and for Paragraph 84, as though the same were fully set forth herein.

85. The Cyber Liability Coverage Part in the Citizens Policies contains the following exclusion:

> This insurance does not apply to any "Loss" or "claim":
>
> **B. Past Events**

> Based upon, arising out of or in any way related to any "Security Breach", "Privacy Breach", "Cyber Media Breach", investigation, proceeding, act, event, result, damage, transaction, decision, fact, circumstance or situation which occurred, in whole or in part, prior:
>> **1.** To the applicable Retroactive Date set forth in **Item 4.** of the Cyber Declarations; or
>>
>> **2.** To the date an entity became a "subsidiary".

86. The Retroactive Date set forth in **Item 4**. of the Cyber Declarations is 11/30/2015.

87. Upon information and belief, Pet Supplies began utilizing a biometric time tracking system prior to 11/30/2015.

88. As a result, the Anthony Lawsuit is a "claim" based upon, arising out of or in any way related to any "Privacy Breach", investigation, proceeding, act, event, result, damage, transaction, decision, fact, circumstance or situation which occurred, in whole or in part, prior to the 11/30/2015 Retroactive Date.

89. Citizens' defense and indemnity obligations for the Anthony Lawsuit, therefore, are precluded under the Cyber Liability Coverage Part of the 2021 Policy pursuant to the Past Events Exclusion.

90. Accordingly, the Cyber Liability Coverage Part in the 2021 Policy does not actually or potentially provide coverage for the Anthony Lawsuit.

91. Citizens, therefore, has no defense or indemnity obligation for the Anthony Lawsuit under the Cyber Liability Coverage Part of the 2021 Policy.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Pet Supplies in connection with the Anthony Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Citizens Insurance Company of America


By: /s/ Kelly M. Ognibene
    One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com